USDC SCAN INDEX SHEET

















JPP   6/16/06   15:38

3:06-CV-01263   PIASECKI V. OLS INVESTMENTS INC

*1*

*CMP.*

**WILLIAM N. WOODSON, III**, State Bar No. 073224
WOODSON & ALLEN, LLP
41669 Date St., Suite 200
Murrieta, CA 92562
(951) 698-1122
FAX (951) 894-2246

Attorney for Plaintiff,
JEREMY PIASECKI

2006 JUN 15  PH 3: 14

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

06 CV 1263 — JAH POR

| | |
|---|---|
| JEREMY PIASECKI | SD CIV NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES**; FRAUD, DECEIT, INTENTIONAL AND NEGLIGENT MISREPRESENTATION; RESCISSION, RESTITUTION; BREACH OF CONTRACT. |
| vs. | |
| OLS INVESTMENTS, INC., OLEG SCHVEDYUK, individually, and as an agent of OLS INVESTMENTS, INC., FMC ASSOCIATES, INC., Does 1 through 20, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## The Parties

1.    Plaintiff JEREMY PIASECKI  "PIASECKI" or Plaintiff, is an individual, and is a resident and domiciliary of the County of San Diego, State of California.

2.    Defendant OLS Investments, Inc., is a corporation, and is, on information and belief, a New York Corporation, and was and is authorized to do business in the State of California. At all times herein mentioned, OLS Investments, Inc. did business in the State of California over telephone lines, over the internet, through advertising in newspapers, and trade journals, and through other methods which are presently unknown to the

<u>Complaint for Damages</u>;
<u>Demand for Jury Trial</u>                    1

Plaintiff.

3.   Defendant Oleg Schvedyuk is an individual, and on information and belief resides in the State of New York, and was, at all times pertinent hereto, a principal in the businesses known as OLS Investments, Inc. and FMC Associates, Inc.

4.   Defendant FMC Associates, Inc. is, on information and belief, a New York Corporation.

5.   Plaintiff is unaware of the true names and identities of Defendants Does 1 through 20 and sues Defendants Does 1 through 20 under such fictitious names therefore. Plaintiff alleges that such Defendants are affiliated with the Defendant, acted in concert with the Defendant, were co-owners of the subject property with Defendant OLS Investments, Inc., and others, and share in the responsibility for the wrongs perpetrated on the Plaintiff herein. When the true names and identities of such Defendants are known to Plaintiff, Plaintiff will amend the complaint to allege such information.

6.   Each of the Defendants was the agent and/or employee of each of the other Defendants, and was at all times herein mentioned acting within the scope of such agency and/or employment, and with the knowledge and consent of his employer and/or principal. Each and every act of each Defendant was ratified, affirmed and confirmed by each other Defendant.

7.   Defendants OLS Investments, Inc. and FMC Associates are on information and belief real estate investment and/or development businesses, doing business in various places throughout the United States, and also in the County of San Diego, State of California.

8.   Upon information and belief, OLS Investments, Inc. and FMC Associates were sham corporations, and a mere shells, organized and is the alter egos of Defendant Schvedyuk, in that:

a.   Schvedyuk has exercised total control over OLS Investments, Inc. and FMC Associates, operating said businesses, from time to time out of his residence as opposed to a more suitable place of business given the nature of Defendant OLS,

**Complaint for Damages;
Demand for Jury Trial**                    2

Investments, Inc. and FMC Associates' businesses;

b.     Schvedyuk is a major shareholder of both OLS Investments, Inc. and FMC Associates;

c.     Schvedyuk has so intermingled his personal and financial affairs with OLS Investments, Inc. and FMC Associates that it was, and is, the alter ego of Schvedyuk;

d.     OLS Investments, Inc. and FMC Associates have failed to observe the corporate formalities, such as are applicable and required by law;

e.     OLS Investments, Inc. and FMC Associates have been so grossly and/or inadequately undercapitalized when compared to the business attempted by such company [ies] and when compared to risk of loss attendant thereon, its capitalization was, as a matter of fact, and law, illusory.

9.     Adherence to the fiction that of the separate existence of Schvedyuk and OLS Investments, Inc. and FMC Associates, as separate and distinct from Schvedyuk would permit an injustice and an abuse of the privileges provided by the entity or corporate structure and would in effect, sanction a fraud and promote an injustice insofar as OLS Investments, Inc. and/or FMC Associates are found liable for the acts actually committed by Schvedyuk, the corporate Defendants are mere shields for such wrongful conduct.

10.     The losses complained of herein and within the subject matter of this court, and based on such amounts, Plaintiff sues these Defendants in this court, which has subject matter jurisdiction over this dispute.

## Jurisdiction

11.     The damages sought by Plaintiff in this action exceed the minimum jurisdictional amounts of this court; and, as to that jurisdictional amount, this court has jurisdiction of this matter.

12.     Plaintiff alleges that this court has jurisdiction in this matter pursuant to 28 U.S. C.

1    Section 1332, diversity of citizenship in that Plaintiff is a citizen of the State of

2    California, and Defendants Schvedyuk, OLS Investments, Inc., and FMC Associates are

3    citizens of the State of New York. The amount in controversy in this matter exceeds the

4    sum of $75,000.00, and accordingly this court has jurisdiction over this action.

5                                                    **Venue**

6    13.    Each of the acts complained of in this action took place in the County of San Diego, State

7    of California.

8                                          **Preliminary Allegations**

9    14.    Plaintiff complains and for causes of action alleges as follows:

10   15.    Defendants, and each of them, offered a certain piece of real estate located in Niagara

11   Falls, New York, over the "world wide web," also known as "the internet," or "the web,"

12   on E-Bay, for a sale price of $40,000.00.  As a part of the representations made in

13   connection with that sale, Defendants each expressly and impliedly partly verbally and

14   partly in writing represented to the Plaintiff as follows:

15          a.    Defendants had and held title in fee simple absolute free and clear, and would give

16                assurances of warranty through a warranty deed as part of the sale;

17          b.    The certain upgrades had been performed on the property prior to the sale, that the

18                property was safe, up to code and building standards in the community, had in fact

19                been inspected by the City of Niagara, New York, and was essentially free from

20                electrical or other fire hazard defects, and was otherwise habitable from a tenant's

21                occupational perspective;

22          c.    Defendants had appropriate insurance on the property such that in case of loss, the

23                property would be covered for loss up to the point that the Plaintiff could procure

24                his own insurance during the term of the escrow which would be established for

25                the sale of the property;

26          d.    The subject property was being occupied through valid lease agreements with

27

28   **Complaint for Damages**;
     **Demand for Jury Trial**                            4

certain lessees [tenants] who were paying rent for their occupation, who had been doing so for a considerable period of time prior to the sale, and who would continue to occupy the premises and generate income for Plaintiff's upon close of the sale to them;

e.  The parties would provide such documentation during the term of the escrow as might reasonably become necessary to effectuate the simple terms of the sale, which would include copies of the lease agreements, and other necessary documentation validating the several promises made to Plaintiff which induced their agreement to the sale as alleged herein;

f.  Defendants would provide the above referenced necessary information so that during the term of the escrow, Plaintiff could procure his own insurance to cover risk of loss on the property, during and upon close of escrow;

g.  Neither party would engage in any act of deception or misrepresentation in connection with the sale;

16. Each of the above representations was false, and Defendants either intentionally made the above mentioned representations, knowing them to be false, or alternatively negligently made these false representations as set forth below.

17. Plaintiff was at no time aware of the falsity of the above representations, and was at all times herein mentioned relying upon the supposed truth of the above mentioned representations, and acted in reliance on the supposed truth of these representations in entering into the agreement to purchase the subject real property, all to his detriment as herein alleged.

## FIRST CAUSE OF ACTION

(Fraud, Deceit, Intentional Misrepresentations)

18. Plaintiff realleges paragraphs 1 through 17 as set forth above, and incorporates the same herein as though fully set forth.

**Complaint for Damages;**
**Demand for Jury Trial**                                    5

19. On or about August 18, 2004, Plaintiff entered into a contract with Defendants OLS Investments, Inc. and Oleg Schvedyuk for the purchase of certain real property located at 356 14th St., Niagara Falls, New York.

20. Plaintiff's agreement to enter into that contract for purchase of the subject property was based on Plaintiff's belief that Defendants were telling him the truth in connection with the representations referenced herein above.

21. Defendants and each of them acted as herein set forth with intent to deceive Plaintiff, to induce him to enter into said contract. In truth and in fact

   a. Defendants did not hold title in fee simple absolute free and clear, and did not provide the necessary assurances of warranty through a warranty deed as part of the sale;

   b. The property was unsafe, was not up to code and building standards in the community, was not essentially free from electrical or other fire hazard defects, and was not otherwise habitable from a tenant's occupational perspective;

   c. Defendants did not have appropriate insurance on the property such that in case of loss, the property would be covered for loss up to the point that the Plaintiff could procure his own insurance during the term of the escrow which would be established for the sale of the property;

   d. The subject property was being not being occupied through valid lease agreements with the tenants, Defendant failed to provide any proof there were tenants, what their names were, nor any other information which would permit Plaintiff to verify they were paying rent for their occupation, or that they had been doing so for a considerable period of time prior to the sale, or that they would continue to occupy the premises and generate income for Plaintiff's upon close of the sale to them;

   e. Defendants failed to provide any documentation during the term of the escrow as promised, including copies of the lease agreements, proof of insurance, proof of

**Complaint for Damages;**
**Demand for Jury Trial**      6

the tenancy information referenced above, and other necessary documentation sufficient to permit Plaintiff to obtain his own insurance against risk of loss;

f.      Defendants did in fact engage in several acts of deception and misrepresentation in connection with the sale as herein alleged designed to induce Plaintiff to complete the sale without insisting on the promised documentation;

22.   Under the terms of the contract, Plaintiff completed all requirements of his own, including tendering the subject purchase price into escrow. Plaintiff otherwise complied with each and every one of the conditions imposed upon him by the terms of the sale. Plaintiff did not in any way breach the agreement.

23.   Under the terms of the contract, Defendants failed to perform the requirements of the contract as set forth herein above. There was no excuse for the Defendants' failure to perform as herein alleged.

24.   Due to the failure of the Defendants to follow through on their promises as herein alleged, Plaintiff was unable to obtain insurance for risk of loss of the subject property. Plaintiff was therefore forced to close escrow without having obtained the insurance.

25.   Escrow closed on the above sale on or about December 8, 2004.  Plaintiff was unable to obtain the necessary information required to obtain insurance due to the refusal of Defendant to provide the required information, which information was willfully withheld from and denied the Plaintiff.

26.   Thereafter, within a month from the date of the close of escrow, and in or around January 2, 2005, the property burned down by fire before Plaintiff could obtain appropriate inspections, cure any property defects.

27.   Plaintiff did not know of the complete nature of the falsity of the Defendant's promises and/or the rights of the Plaintiff until some time in March 2005.

28.   On March 31, 2005 Plaintiff wrote to Defendants through their attorney in Niagara Falls, New York, requesting the information withheld from the sale as indicated above, and also

**Complaint for Damages;**
**Demand for Jury Trial**                              7

1  asking for proof of some of the assurances made prior to the sale which induced reliance
2  by Plaintiff.

3  29.  Defendants' attorney did not respond in any fashion to said request in any form or
4  fashion.

5  30.  On May 31, 2005 Plaintiff wrote to Defendants Oleg Schvedyuk and OLS Investments,
6  Inc. through their designated agent for service of process in the State of California
7  requesting the information withheld from the sale as indicated above, and also asking for
8  proof of some of the assurances made prior to the sale which induced reliance by
9  Plaintiff.

10  31.  Defendants did not respond to that letter in any form or fashion.

11  32.  As a direct and proximate result of the aforementioned acts and failure to act, Plaintiff
12  has been damaged in following fashion:

13  a.  Plaintiff has lost his investment of $41,500.00 paid for the subject property;

14  b.  Plaintiff has had to expend attorney's fees in his attempt to obtain redress for the
15  wrongs recited herein;

16  c.  Plaintiff has been denied the beneficial use of the subject property according to
17  proof;

18  d.  Plaintiff has suffered incidental and consequential damages according to proof.

19  33.  Plaintiff intends service of summons and of this complaint to serve as notice of rescission
20  of the aforementioned contract, and hereby offers to restore all consideration furnished
21  by Defendants under said contract, on condition that defendant restore to Plaintiff the
22  consideration furnished by Plaintiff in the sum of $ 41,500.00.

23  34.  Plaintiff will suffer irreparable and substantial harm if consideration furnished by
24  Defendants in the sum of $41,500.00 with interest thereon at the rate of ten percent per
25  annum from the date of rescission, is not restored.

26  35.  At all times herein mentioned, Defendants acted willfully, intentionally, and with a
27

28  **Complaint for Damages;**
**Demand for Jury Trial**            8

knowing and conscious disregard for the known rights of the Plaintiff.  Accordingly, Plaintiff is entitled to punitive and exemplary damages against the Defendants and each of them.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as set forth below.

## SECOND CAUSE OF ACTION

(Negligent Misrepresentations)

36.  Plaintiff realleges paragraphs 1 through 24, and 26 through 34 as set forth above, and incorporates the same herein as though fully set forth.

37.  Defendants and each of them at all times herein mentioned had a duty of due care in connection with the representations made surrounding the sale of real property in the State of California.

38.  Alternatively, Defendants and each of them made the above referenced misrepresentations recklessly and negligently.

39.  As a direct and proximate result of the Defendants' negligent misrepresentations, Plaintiff was harmed as herein above alleged, and suffered thereby general and special damages according to proof at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

(Rescission)

40.  Plaintiff realleges paragraphs 1 through 39 as set forth above, and incorporates the same herein as though fully set forth.

41.  Plaintiff hereby rescinds the above mentioned agreement for sale of real property, and hereby offers to restore to Defendants the subject real property in exchange for rescission of the agreement, and return of the consideration furnished by Plaintiff, to wit, Plaintiff's purchase price in the sum of $41,500.000, and any incidental and consequential damages

**Complaint for Damages;**
**Demand for Jury Trial**                                    9

per law.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

42. Plaintiff realleges paragraphs 1 through 40 as set forth above, and incorporates the same herein as though fully set forth.

43. In doing the things herein alleged, Defendants breached the contract with Plaintiff by failing to perform its obligations, and to provide the necessary information so that Plaintiff could obtain insurance for risk of loss.

44. As a direct and proximate result of the failure of Defendants to provide the necessary information as required by the agreement, Plaintiff was caused to and did suffer loss of the value of the property subject to proof at trial.

45. As a further direct and proximate result of the conduct of Defendants and each of them, Plaintiff was caused to and did suffer further incidental and consequential damages according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. A determination by the Court that said contract has been rescinded and ordering restitution of the consideration paid by Plaintiff in the sum of $ 41,500.00, with interest at the rate of ten percent per annum from the date of rescission;

2. A determination by the Court that the contract has been breached, and awarding Plaintiff all proximately caused damages according to proof, including damages for loss or diminution in value to the subject property, and further incidental and consequential damages according to proof;

3. For costs of suit herein incurred;

4. For punitive damages according to proof;

5. For such other and further relief as the Court deems proper;

Complaint for Damages;
Demand for Jury Trial                10

6.    A jury trial on all issues;

7.    Attorneys fees according to proof;

8.    For such other and further relief as may be just and proper.

Date:   June 7, 2006

William N.  Woodson, III
Attorney for Plaintiff JEREMY PIASECKI

C:\Documents and Settings\bwoodson\My Documents\Client\Piasecki\COMPLAINT.wpd

**Complaint for Damages;**
**Demand for Jury Trial**                              11

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br><br>JEREMY PIASECKI | DEFENDANTS   OLS INVESTMENTS, INC., OLEG SCHVEDYUK, INDIVIDUALLY, AND AS AGENT FOR OLS, INVESTMENTS, INC., FMC ASSOCIATES |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED   SAN DIEGO<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Woodson & Allen, LLP<br>41669 Date St., STE 200<br>Murrieta, CA 92562 | ATTORNEYS (IF KNOWN)<br><br><br>'06 CV 1263     JAH POR |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ■ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C Sc. 1332 Diversity of Citizenship

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 191 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ■ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

| | |
|---|---|
| ■ 1 Original Proceeding | ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $   41,500.00 | Check YES only if demanded in complaint:<br>JURY DEMAND: ■ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|
| DATE   5/11/06 | | SIGNATURE OF ATTORNEY OF RECORD   William T. Woodson | |

#126154   $350   Kb   6/15/06

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)